FRANK M. ARNOLD, *Appellant*, v. THE ATCHISON, TO-
PEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

No. 16,273.

SYLLABUS BY THE COURT.

RAILROADS—*Liability for Injuries Received by a Passenger Who Assaulted an Employee.* A passenger in the caboose of a freight train who gets into a controversy with a brakeman over the disposition of some bedding, claimed by the brakeman as his property, and who begins a *melee* by striking the brakeman, can not recover damages from the railroad company for injuries received in the fight which ensued.

Appeal from Clark district court; GORDON L. FINLEY, judge. Opinion filed January 8, 1910. Affirmed.

*James S. Botsford, B. F. Deatherage, Goodwin Crea-son, Charles L. Botsford, H. J. Bone,* and *W. W. Har-vey,* for the appellant.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellee.

The opinion of the court was delivered by

SMITH, J.:   The plaintiff entered the caboose of a train on the defendant's railroad, on which train he was shipping cattle.   He laid down upon a seat on which there was a bedquilt belonging to a brakeman. The train crew were at the time making up the train, and on the return of the brakeman he requested the plaintiff in a rough manner to get up so he could get his quilt.   Upon the refusal of the plaintiff so to do the brakeman reached to take his quilt, and thereupon the plaintiff struck him.   A fight ensued, in which the plaintiff received some slight scratches and bruises. He brought this action to recover from the defendant damages which he alleges he suffered in the sum of $5000.   In his petition he alleged that the brakeman struck him first, and that he was forced to defend himself.   The defendant answered by a general denial, and alleged that if the plaintiff was injured the brakeman was not at that time engaged in any business of the company or within the scope of his employment.

The case was tried to a jury, which returned a general verdict in favor of the defendant, and among other findings answered the following special questions:

"Did the brakeman, Mills, take hold of the plaintiff near the feet or act as though he was going to take hold. of him to put him off of the cushions?   Ans.  No.

"Did the brakeman, Mills, strike at the plaintiff or attempt to strike at him or grab hold of him before the plaintiff struck him?   A.  No."

The court approved the verdict and findings and rendered judgment in favor of the defendant.

It appears that the controversy arose over a matter

very remotely, if at all, connected with the duty which the defendant owed to the plaintiff as a passenger. It was essentially a personal controversy between the passenger and the brakeman, which culminated in the passenger first striking the brakeman and precipitating an encounter. The plaintiff was the aggressor and in the wrong, and he certainly can not hold the defendant responsible for injuries which he brought upon himself by his unlawful act.

Numerous assignments of error are made and argued at great length, but we find no substantial error in any of the proceedings of the court. The judgment is therefore affirmed.